IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY B. TOPPINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:08-cv-04269-NKL |
| | ) |
| THE HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Pending before the Court is a Motion for Attorneys' Fees filed by Plaintiff Mary B. Toppins ("Toppins") [Doc. # 35]. On September 24, 2009, the Court entered an order granting in part Toppins' motion for summary judgment and remanding the case to Defendant the Hartford Life and Accident Insurance Company ("Hartford") to reopen the administrative proceedings. [Doc. # 33]. Plaintiff was granted summary judgment because Hartford failed to provide Toppins with an opportunity to review and respond to a physician's report before a final decision was made on her claim. Although the amended regulations do not afford claimants such an opportunity, the amended regulations did not apply to Toppins' claim because her claim was filed prior to the effective date of the regulations. Toppins now seeks an award of attorneys' fees and costs. For the reasons set forth below, the Court grants in part Toppins' Motion.

**I.     Propriety of Awarding Attorneys' Fees**

1

Pursuant to 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Moreover, "although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." *Starr v. Metro Sys. Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006) (citing *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002)). In exercising its discretion, the court considers five non-exclusive factors:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* (quoting *Martin*, 299 F.3d at 969 & n.4).

In weighing these factors, the Court finds that they weigh in favor of granting Toppins her attorney's fees. For the first factor, Toppins argues that either Hartford knew that it was obligated to provide her with an opportunity to respond to the physician's medical report or was negligent in its failure to do so. Hartford responds that it followed current law in good faith. The Court finds this factor weighs in favor of Toppins. Although Hartford argues that it was following regulations currently in effect, it was not following the regulations that applied to Toppins' claim. Thus, Hartford carries some degree of culpability for its failure to apply the appropriate law to Toppins' claim, which weighs in favor of awarding Toppins her attorney's fees.

For the second factor, Hartford does not dispute its ability to pay Toppins' requested

2

attorney fee. As a result, this factor weighs in favor of Toppins.

For the third factor, Toppins argues that an attorney fee award will deter Hartford from its imprecise application of ERISA regulations in the future. Hartford responds that it will have no deterrent effect because Hartford acted in good faith based on its knowledge of current law. Although Hartford claims it was following current law, in all likelihood, Hartford has other claims similar to Toppins' claim that have been pending prior to the amended regulations. Hartford should have an awareness of which regulations apply to each claim, even if that claim has been pending for a number of years. An award of attorney's fees in this case should encourage Hartford to more carefully apply the appropriate regulations in future cases. This factor weighs in favor of Toppins.

For the fourth factor, Toppins argues that her partial victory in this case will benefit all participants of the ERISA plan in question because Hartford will be required to be compliant with ERISA regulations. Hartford responds that Toppins did not seek to benefit all participants in this case and it did not resolve a significant legal issue. Rather, Hartford argues that Toppins' Complaint seeks benefits for herself until she reaches age sixty-five. The Court finds this factor weighs in favor of Toppins because other plan participants will benefit by Hartford's application of the appropriate regulations to their claims.

For the fifth factor, regarding the merits of the case, Toppins argues that Hartford's position that the amended regulations applied to Toppins was erroneous. Hartford responds that the merits of the parties' positions were balanced. The Court finds that the merits of Toppins' position, relative to Defendant's, weigh in favor of an attorney's fees award to

3

Toppins.

After reviewing the record and applying all five factors, the Court finds that Toppins should be awarded her costs and fees. The Court next determines whether Toppins' motion should be granted for the full amount of the attorney's fees requested.

## II.     Award of Fees

The starting point for determining a reasonable attorney fee is the "lodestar" calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The party seeking the award should submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *see also Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (reducing fee because of inadequate documentation). In other words, counsel must exercise "billing judgment" and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (citation omitted).

To determine the lodestar amount, courts may consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*United Health Care Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 575 n.9 (8th Cir. 1996).

### A. Hourly Rate

Toppins has submitted documentation requesting fees in the amount of $16,020 for 36 hours of work at $445 an hour. Hartford argues that Toppins should not be awarded her entire fee request because the hourly rate sought is unreasonable. Hartford suggests that $200 to $250 an hour is more reasonable for legal work in the Columbia/Jefferson City area. The Court agrees that $445 an hour is high. However, given Toppins' counsel's experience in ERISA cases, the Court finds $300 an hour is an appropriate hourly rate.

### B. Number of Hours

Toppins submitted documents demonstrating that her counsel expended a total of 36 hours on this case. Hartford argues that the number of hours requested by Toppins should be reduced because she did not prevail on each of her claims against Hartford. "When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the award is not reduced because plaintiff did not prevail on every argument asserted." *Shrader v. OMC Aluminum Boat Group, Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997) (citing *Hensley*, 461 U.S. at 435). However, when counsel's work on a successful claim is unrelated to the work on an unsuccessful claim, "no fee may be awarded for services on the unsuccessful claim." *Id.* at 434-35. In cases where unsuccessful claims cannot be separated from successful claims, courts must decide whether the number of hours spent is reasonable in relation to the result obtained. *Di Gidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990).

The Court finds that Toppins obtained substantial relief and that the lawsuit consists

of closely related claims. Although she sought an award of benefits, the merits of Toppins' case could not be determined because Hartford failed to follow the regulations applicable to her claim. Thus, the Court finds the hours submitted reasonable. Multiplying these hours by $300 yields a gross amount of $10,800. Toppins also seeks $350 in costs, which is not disputed by Hartford.

**III. Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff Mary B. Toppins' Motion for Attorneys' Fees [Doc. # 35] is GRANTED in part. The Court awards Toppins attorneys' fees in the amount of $10,800 and costs in the amount of $350.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 4, 2009
Jefferson City, Missouri